## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

Marie G. Jurglanis, Individually and as Special
Administrator of the Estate of Clemens R.
Jurglanis,

Plaintiff,

v.                                              *WI-ED Case No. 2:11-cv-00917*

Borg-Warner, Inc., et al.,

Defendants.

## ELLIOTT COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, CROSS-CLAIM AND ANSWER TO ANY AND ALL CURRENT AND/OR FUTURE CROSS-CLAIMS

NOW COMES the defendant named as, ELLIOTT COMPANY I, INDIVIDUALLY AND AS SUCCESSOR TO ELLIOTT TURBOMACHINERY, ("Elliott"), by its counsel, CRIVELLO CARLSON, S.C., and answers Plaintiff's Complaint as follows:

### JURISDICTION AND PARTIES

1.      Answering Paragraph 1 of Plaintiff's Complaint, Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts Plaintiff to his strict proof thereon.

2.      Answering Paragraph 2 of Plaintiff's Complaint, Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts Plaintiff to his strict proof thereon.

3.      Answering Paragraph 3 of Plaintiff's Complaint, Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts Plaintiff to his strict proof thereon.

4.      Answering Paragraph 4 of Plaintiff's Complaint, Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts Plaintiff to his strict proof thereon.

5.      Answering Paragraph 5 of Plaintiff's Complaint, Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts Plaintiff to his strict proof thereon.

6.      Answering Paragraph 6 of Plaintiff's Complaint, Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts Plaintiff to his strict proof thereon.

7.      Answering Paragraph 7 of Plaintiff's Complaint, Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts Plaintiff to his strict proof thereon.

8.      Answering Paragraph 8 of Plaintiff's Complaint, Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts Plaintiff to his strict proof thereon.

9.      Answering Paragraph 9 of Plaintiff's Complaint, Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts Plaintiff to his strict proof thereon.

10.      The allegations contained in Paragraph 10 of Plaintiff's Complaint are denied to the extent they are directed to Elliott.

11.     Answering Paragraph 11 of Plaintiff's Complaint, Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts Plaintiff to his strict proof thereon.

12.     Answering Paragraph 12 of Plaintiff's Complaint, Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts Plaintiff to his strict proof thereon..

13.     Answering Paragraph 13 of Plaintiff's Complaint, Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts Plaintiff to his strict proof thereon.

14.     Answering Paragraph 14 of Plaintiff's Complaint, Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts Plaintiff to his strict proof thereon.

15.     Answering Paragraph 15 of Plaintiff's Complaint, Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts Plaintiff to his strict proof thereon.

16.     Answering Paragraph 16 of Plaintiff's Complaint, Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts Plaintiff to his strict proof thereon.

17.     Answering Paragraph 17 of Plaintiff's Complaint, Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts Plaintiff to his strict proof thereon.

18.     Answering Paragraph 18 of Plaintiff's Complaint, Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts Plaintiff to his strict proof thereon..

19.     Answering Paragraph 19 of Plaintiff's Complaint, Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts Plaintiff to his strict proof thereon.

20.     Answering Paragraph 20 of Plaintiff's Complaint, Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts Plaintiff to his strict proof thereon.

21.     Answering Paragraph 21 of Plaintiff's Complaint, Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts Plaintiff to his strict proof thereon.

22.     Answering Paragraph 22 of Plaintiff's Complaint, Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts Plaintiff to his strict proof thereon.

23.     Answering Paragraph 23 of Plaintiff's Complaint, Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts Plaintiff to his strict proof thereon.

24.     Answering Paragraph 24 of Plaintiff's Complaint, Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts Plaintiff to his strict proof thereon.

25.     Answering Paragraph 25 of Plaintiff's Complaint, Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts Plaintiff to his strict proof thereon.

26.     Answering Paragraph 26 of Plaintiff's Complaint, Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts Plaintiff to his strict proof thereon.

27.     Answering Paragraph 27 of Plaintiff's Complaint, Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts Plaintiff to his strict proof thereon.

28.     Answering Paragraph 28 of Plaintiff's Complaint, Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts Plaintiff to his strict proof thereon.

29.     The allegations contained in Paragraph 29 of Plaintiff's Complaint are denied to the extent they are directed to Elliott.  As further answer, Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies the same and puts Plaintiff to his strict proof thereon.

30.     The allegations contained in Paragraph 30 of Plaintiff's Complaint are denied to the extent they are directed to Elliott.  As further answer, Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies the same and puts Plaintiff to his strict proof thereon.

31.     The allegations contained in Paragraph 31 of Plaintiff's Complaint are denied to the extent they are directed to Elliott.  As further answer, Defendant denies knowledge and

information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies the same and puts Plaintiff to his strict proof thereon.

32.    The allegations contained in Paragraph 32 of Plaintiff's Complaint are denied to the extent they are directed to Elliott.  As further answer, Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies the same and puts Plaintiff to his strict proof thereon.

## GENERAL ALLEGATIONS

33.    The allegations contained in Paragraph 33 of Plaintiff's Complaint are denied to the extent they are directed to Elliott.  As further answer, Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies the same and puts Plaintiff to his strict proof thereon.

34.    The allegations contained in Paragraph 34 of Plaintiff's Complaint are denied to the extent they are directed to Elliott.  As further answer, Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies the same and puts Plaintiff to his strict proof thereon.

35.    The allegations contained in Paragraph 35 of Plaintiff's Complaint are denied to the extent they are directed to Elliott.  As further answer, Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies the same and puts Plaintiff to his strict proof thereon.

36.    The allegations contained in Paragraph 36 of Plaintiff's Complaint are denied to the extent they are directed to Elliott.  As further answer, Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies the same and puts Plaintiff to his strict proof thereon.

37. The allegations contained in Paragraph 37 of Plaintiff's Complaint are denied to the extent they are directed to Elliott. As further answer, Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies the same and puts Plaintiff to his strict proof thereon.

WHEREFORE, for the reasons set forth in its answer and affirmative defenses, Defendant named as ELLIOTT COMPANY I, INDIVIDUALLY AND AS SUCCESSOR TO ELLIOTT TURBOMACHINERY, prays the Court dismiss the claims made in General Allegations with prejudice and for recovery of its costs.

## COUNT I – PRODUCTS LIABILITY – NEGLIGENCE

38. The allegations contained in Paragraph 38 of Plaintiff's Complaint are denied to the extent they are directed to Elliott. Elliott incorporates by reference its answers to Paragraphs 1-37 as if fully set forth herein. As further answer, Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies the same and puts Plaintiff to his strict proof thereon.

39. The allegations contained in Paragraph 39 of Plaintiff's Complaint are denied to the extent they are directed to Elliott. As further answer, Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies the same and puts Plaintiff to his strict proof thereon.

40. The allegations contained in Paragraph 40 of Plaintiff's Complaint are denied to the extent they are directed to Elliott. As further answer, Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies the same and puts Plaintiff to his strict proof thereon.

41.     The allegations contained in Paragraph 41 of Plaintiff's Complaint are denied to the extent they are directed to Elliott.  As further answer, Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies the same and puts Plaintiff to his strict proof thereon.

42.     The allegations contained in Paragraph 42, and all of its subparts a. – e., of Plaintiff's Complaint are denied to the extent they are directed to Elliott.  As further answer, Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies the same and puts Plaintiff to his strict proof thereon.

43.     The allegations contained in Paragraph 43 of Plaintiff's Complaint are denied to the extent they are directed to Elliott.  As further answer, Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies the same and puts Plaintiff to his strict proof thereon.

WHEREFORE, for the reasons set forth in its answer and affirmative defenses, Defendant named as ELLIOTT COMPANY I, INDIVIDUALLY AND AS SUCCESSOR TO ELLIOTT TURBOMACHINERY, prays the Court dismiss the claims made in Count 1 with prejudice and for recovery of its costs.

## COUNT II – PRODUCTS LIABILITY – UNREASONABLY DANGEROUS PRODUCT

44.     The allegations contained in Paragraph 44 of Plaintiff's Complaint are denied to the extent they are directed to Elliott.  Elliott incorporates by reference its answers to paragraphs 1 – 43 as if fully set forth herein.   As further answer, Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies the same and puts Plaintiff to his strict proof thereon.

45.     The allegations contained in Paragraph 45 of Plaintiff's Complaint are denied to the extent they are directed to Elliott.  As further answer, Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies the same and puts Plaintiff to his strict proof thereon.

46.     The allegations contained in Paragraph 46 of Plaintiff's Complaint are denied to the extent they are directed to Elliott.  As further answer, Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies the same and puts Plaintiff to his strict proof thereon.

47.     The allegations contained in Paragraph 47 of Plaintiff's Complaint are denied to the extent they are directed to Elliott.  As further answer, Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies the same and puts Plaintiff to his strict proof thereon

48.     The allegations contained in Paragraph 48 and all of its subparts (a) through (d) of Plaintiff's Complaint are denied to the extent they are directed to Elliott.  As further answer, Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies the same and puts Plaintiff to his strict proof thereon.

49.     The allegations contained in Paragraph 49 of Plaintiff's Complaint are denied to the extent they are directed to Elliott.  As further answer, Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies the same and puts Plaintiff to his strict proof thereon.

WHEREFORE, for the reasons set forth in its answer and affirmative defenses, Defendant named as ELLIOTT COMPANY I, INDIVIDUALLY AND AS SUCCESSOR TO ELLIOTT TURBOMACHINERY, prays the Court dismiss the claims made in Count 2 with prejudice and for recovery of its costs.

## COUNT III – DECLARATORY JUDGMENT

50.     The allegations contained in Paragraph 50 of Plaintiff's Complaint are denied to the extent they are directed to Elliott.  As further answer, Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies the same and puts Plaintiff to his strict proof thereon.

51.     The allegations contained in Paragraph 51 of Plaintiff's Complaint are denied to the extent they are directed to Elliott.  As further answer, Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies the same and puts Plaintiff to his strict proof thereon.

52.     The allegations contained in Paragraph 52 of Plaintiff's Complaint are denied to the extent they are directed to Elliott.  As further answer, Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies the same and puts Plaintiff to his strict proof thereon.

WHEREFORE, for the reasons set forth in its answer and affirmative defenses, Defendant named as ELLIOTT COMPANY I, INDIVIDUALLY AND AS SUCCESSOR TO ELLIOTT TURBOMACHINERY, prays the Court dismiss the Claims made in Count 3 with prejudice and for recovery of its costs.

## WRONGFUL DEATH

53. The allegations contained in Paragraph 53 of Plaintiff's Complaint are denied to the extent they are directed to Elliott. Elliott incorporates by reference its answers to paragraphs 1 – 52 as if fully set forth herein. As further answer, Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies the same and puts Plaintiff to his strict proof thereon.

54. The allegations contained in Paragraph 54 of Plaintiff's Complaint are denied to the extent they are directed to Elliott. As further answer, Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies the same and puts Plaintiff to his strict proof thereon.

## PRAYER FOR RELIEF

55. The allegations contained in Paragraph 53 and all of its subparts (a) through (b) of Plaintiff's Complaint are denied to the extent they are directed to Elliott. As further answer, Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies the same and puts Plaintiff to his strict proof thereon.

WHEREFORE, for the reasons set forth in its answer and affirmative defenses, Defendant named as ELLIOTT COMPANY I, INDIVIDUALLY AND AS SUCCESSOR TO ELLIOTT TURBOMACHINERY, prays the Court dismiss with prejudice Plaintiff's Complaint and Prayer for Relief as they pertain to Elliott and allow for recovery of its costs.

## GENERAL DENIAL

Defendant denies each and every allegation of Plaintiff's Complaint that is not expressly admitted therein.

## AFFIRMATIVE DEFENSES

This Defendant, having denied each and every allegation of the Plaintiff's Complaint not specifically admitted to above, states and alleges the following affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

Upon information and belief, the Plaintiff has failed to identify any product connected to this defendant which allegedly resulted in the damages to Plaintiff.

### SECOND AFFIRMATIVE DEFENSE

Upon information and belief, the Plaintiff's claims with respect to alleged willful and wanton acts should be dismissed because Plaintiff's Complaint fails to state the circumstances constituting that act with the particularity required by the Federal Rules of Civil Procedure.

### THIRD AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's claims for punitive damages are barred or limited by operation of applicable state and federal law.

### FOURTH AFFIRMATIVE DEFENSE

Upon information and belief, this defendant affirmatively alleges that the Plaintiff voluntarily assumed the risk of injuries and illness, which was allegedly incurred as described in Plaintiff's Complaint.

### FIFTH AFFIRMATIVE DEFENSE

Upon information and belief, this defendant affirmatively alleges that the negligence and lack of ordinary care on the part of the Plaintiff proximately caused or contributed to the illness and injuries, which allegedly occurred as described in Plaintiff's Complaint.

### SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, this defendant alleges and shows to the Court that Plaintiff has failed to join necessary parties; complete release cannot be recorded among those parties to

12

the action; this answering defendant may be subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reasons of said party's claimed interest.

## SEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's claims are barred by the doctrine of laches and the applicable statutes of repose.

## EIGHTH AFFIRMATIVE DEFENSE

If Plaintiff suffered injuries and Plaintiff suffered damages as described in Plaintiff's Complaint, the injuries and damages were caused or contributed to by other factors including but not limited to tobacco smoking.

## NINTH AFFIRMATIVE DEFENSE

Upon information and belief, any products for which this defendant is held to be responsible or assumed to be involved in this action were misused or otherwise substantially changed or altered by persons or parties other than this defendant.

## TENTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's claims are barred by the statute of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

The state of the medical and scientific knowledge and the published literature and other material reflecting the state of medical art at the times pertinent hereto were such that this defendant neither knew nor could have known that its products presented a foreseeable risk of harm, if any, to Plaintiff in the normal and expected use of these products according to the law in full force and effect at the time of the transactions of which Plaintiff complains. The methods, standards, and techniques of manufacturing, selling, distributing, or installing defendant's products were performed in conformity with the generally recognized state of the art existing at

the time such products were manufactured, sold, distributed, or installed. If Plaintiff sustained injuries and damages as a result of exposure to any products manufactured, sold, distributed, or installed by this defendant, which this defendant denies, the injuries were not the result of any negligence or willful and wanton conduct on the part of this defendant, and further the amount of any such exposure attributable to the alleged injuries to Plaintiff was negligible in degree and amount and hence, *de minimis*, and the court should deny Plaintiff any recovery against this defendant.

### TWELFTH AFFIRMATIVE DEFENSE

Upon information and belief, the Plaintiff's Complaint fails to state a claim upon which relief may be granted against this defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, any injuries or damages alleged to have been sustained by the Plaintiff were caused by the negligence and/or products of others.

### FOURTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's alleged injuries, if any, may have been caused in whole or in part by Plaintiff's or others' abuse, misuse or modification of the alleged products.

### FIFTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff has misjoined parties and causes of action.

### SIXTEENTH AFFIRMATIVE DEFENSE

This answering defendant incorporates herein, as applicable, the affirmative defenses of each and every co-defendant, to the extent that they are consistent with this answering defendant's position and defenses.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff has failed to mitigate his damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff and his employers were sophisticated users of asbestos-containing materials and, as such, this defendant owed them no duty to warn of hazards associated with such products.

## NINETEENTH AFFIRMATIVE DEFENSE

The allegations of Plaintiff's Complaint are so vague that defendant does not have sufficient facts at the time of filing this answer to determine the applicability of the doctrine of forum non conveniens but, in the event those facts exist, defendant moves that the cause of action against this defendant be dismissed or transferred to the proper venue.

## TWENTIETH AFFIRMATIVE DEFENSE

Upon information and belief, defendant is entitled to a set-off from any recovery against it to the extent that any and all benefits have been paid or are payable to the Plaintiff from any collateral source.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff is not entitled to recover medical expenses against this answering defendant as any diagnosis or treatment of injuries suffered by Plaintiff as a result of his employment are the obligation of his employers under the workers compensation laws of the State of Wisconsin.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Upon information and belief, any award for punitive damages in this case would violate the prohibition of ex post facto laws and laws comparing the obligation of contracts contained in Sections 9 and 10 of Article 1 of the United States Constitution and the Wisconsin Constitution, Article 1, Section 12.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Upon information and belief, any award of punitive damages would be in violation of the due process clause of the Fifth and Fourteenth Amendments of the United States Constitution and would violate the Wisconsin Constitution, Article 1.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Upon information and belief, the retroactive application of the doctrine of strict liability against this answering defendant violates the United States Constitution and the Wisconsin Constitution.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendant is not guilty of a breach of duty.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The alleged incident was caused by conditions over which defendant had no control.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant at all times acted in good faith.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Whatever damages incurred by Plaintiff were the result of intervening and/or superseding acts or omissions of parties over whom defendant had no control.

## THIRTIETH AFFIRMATIVE DEFENSE

At all times relevant hereto, the knowledge of Plaintiff's employer(s) was superior to that of defendant with respect to possible health hazards associated with Plaintiff's employment, and, therefore, if there was any duty to warn Plaintiff or provide protection to him, it was the duty of said employer(s), not of defendant, and breach of that duty was an intervening and/or superseding cause of the injuries allegedly sustained by Plaintiff.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Defendant denies that it was, expressly or impliedly, a successor in interest, successor in business, successor in product line or a portion thereof, successor to good will, assign, predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, alter-ego, subsidiary, wholly or partially owned by, the whole or partial owner of, merged or consolidated with, the mere continuation of, or member in any entity owning property, maintaining premises, researching, studying, manufacturing, fabricating, designing, labeling, assembling, distributing, leasing, buying, offering for sale, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others, packaging, and advertising any equipment, product, component, fixture, property or structure containing asbestos under any circumstance causing exposure to Plaintiff. Defendant is therefore not liable for any acts, whether they be active or passive, or omissions of any entities to which defendant is or may be alleged to be a successor-in-interest, predecessor-in-interest, alter ego, or the like.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Defendant did not authorize, approve, or ratify the acts or omissions attributed to it in the Complaint.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred because the Plaintiff has misnamed this defendant.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

While it is denied that defendant supplied any material with which Plaintiff had any contact, if it is proven to the contrary, it is defendant's position that all such material was manufactured, supplied and delivered in accordance with government specifications and/or at the direction of a governmental officer.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred or limited by Application of Worker's Compensation Law.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Defendant has no knowledge or means of ascertaining the truth or falsity of the averments contained in the Plaintiff's Complaint respecting the nature and extent of the injuries, damages, and losses claims to have been sustained by the Plaintiff.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over the Defendant with respect to each and every Count contained in Plaintiff's Complaint.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over each and every Count contained in Plaintiff's Complaint.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff is not a person whom defendant could reasonably have expected to use, consume, or be affected by its products.

## FORTIETH AFFIRMATIVE DEFENSE

The injuries complained of by the Plaintiff are wholly or partially caused by independent means, including inter alia, the conduct and habits of Plaintiff and exposure to other particulates in the environment.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Defendant never made any affirmation of fact, representation or conducted itself in any manner so as to constitute an express or implied warranty.

## FORTY-SECOND AFFIRMATIVE DEFENSE

No representation, affirmation of fact, or other conduct regarding the alleged sale of products containing asbestos was made or offered with the intent of the parties to such sale or transfer that such conduct constitutes a "basis of the bargain."

## FORTY-THIRD AFFIRMATIVE DEFENSE

If Plaintiff establishes any exposure to defendant's products, said exposure would have been so minimal as to be insufficient to establish to a reasonable degree of probability that its products caused Plaintiff's claimed injuries.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

The venue selected by the Plaintiff is improper.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

If it is proven at trial that products of defendant were furnished as alleged to Plaintiff's employers and said products were used in the fashion alleged, which is specifically denied, then

any product manufactured or processed by the defendant which was or may have been so furnished and which was so used, was furnished in strict conformity to the conditions specified or to the specifications issued by or under the direction of said employers.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred based upon the component part supplier doctrine.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

The defendant asserts the Government Contractor Defense under 28 U.S.C. §1442.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

The defendant reserves the right to raise additional affirmative defenses after discovery.

### CROSS-CLAIM

COMES NOW ELLIOTT COMPANY, by its attorneys at CRIVELLO CARLSON, S.C., and for its Cross-Claim against all other defendants, alleges and shows to the Court as follows:

1.    Realleges and incorporates by reference Plaintiff's Complaint as limited by the foregoing Answer and Affirmative Defenses.

2.    That if it is found that there is joint negligence and/or liability, whether strict or otherwise on the part of Elliott and its co-defendants, then and in that event, Elliott will be entitled to contribution and/or indemnity from the co-defendants in accordance with the laws of the State of Wisconsin.

WHEREFORE, ELLIOTT COMPANY, demands contribution and/or indemnity from its co-defendants in the event it is found to be jointly negligent or liable for Plaintiff's alleged injuries, as well as any other relief deemed appropriate by the court and required by principles of justice and equity.

## ANSWER TO ANY AND ALL CURRENT AND FUTURE CROSS-CLAIMS

COMES NOW, ELLIOTT COMPANY, by its attorneys at Crivello Carlson, S.C., and answers any and all Cross-Claims already made or hereafter filed against it as follows:

1.      Realleges and incorporates by reference Plaintiff's Complaint as limited by the foregoing Answer, Affirmative Defenses, and Cross-Claim.

2.      Denies any liability for contribution, indemnity, subrogation, or otherwise on any cross-claim and deny all facts in support of such claims.

WHEREFORE, for the reasons set in its answer and affirmative defenses, ELLIOTT COMPANY demands dismissal of the Complaint together with all costs and disbursements allowed by law and any other such relief as deemed appropriate by the court and required by principles of justice and equity.

**THIS ANSWERING DEFENDANT HEREBY DEMANDS THIS
MATTER BE TRIED BEFORE A JURY OF TWELVE**

Dated this 9th day of December, 2011.

BY:     s/ James A. Niquet
        JAMES A. NIQUET, ESQ.
        Wisconsin State Bar No. 1013012
        CRIVELLO CARLSON, S.C.
        Attorneys for the Defendant,
        Elliott Company
        710 North Plankinton Avenue, Suite 500
        Milwaukee, Wisconsin 53203
        Phone:        (414) 271-7722
        Facsimile:    (414) 271-4438
        jniquet@crivellocarlson.com

21